Dear Mayor Garrett:
You have requested the opinion of this office concerning the appointment of the chief of police for the Village of Folsom.
At the outset, we note that the Village of Folsom is a Lawrason Act municipality, governed by the provisions of R.S. 33:321, et seq. The town has an appointed, nonelected chief of police. The chief of police is appointed by the mayor, subject to the confirmation of the board of aldermen, at the first regular meeting of the board of aldermen succeeding the regular municipal election. R.S. 33:386(A) states:
 A. At the first regular meeting of the board of alderman succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, except as provided for in R.S. 33:381(D), and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office. In making or approving such appointments and in filling vacancies, the mayor and board of aldermen shall give preference to residents of the municipality if all other considerations are equal.
At the January 8th, 2007 regular meeting in the new term of office the mayor reappointed the incumbent chief of police. The board of aldermen voted unanimously to reject the appointment.
Because the board of aldermen refused to confirm the appointment, the mayor must tender a new appointment. The mayor must tender a new appointment until both he and the board of aldermen concur. See Attorney General Opinions *Page 2 
04-231 and 84-10, copies attached. Until his successor is appointed and confirmed, the incumbent chief of police will remain in office, pursuant to R.S. 42:2 which states:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
See also Attorney General Opinion 88-505, copy attached.
We note that the term of the incumbent chief of police has expired pursuant to R.S. 33:386(D):
 D. The term of the clerk, tax collector, nonelected chief of police, street commissioner, municipal attorney, and court magistrate shall end at the time of the first regular meeting of the board of aldermen succeeding each regular municipal election.
However, in accordance with R.S. 42:2 the chief of police whose term has expired must continue to discharge the duties of chief of police until an appointment is made. Further, he must serve and continue to be paid until his successor is inducted into office, despite the end of the term. See Attorney General Opinions 97-188 and 95-107, copies attached.
The mayor's refusal to follow these procedures may subject him to the charge of malfeasance in office, a crime defined by LSA-R.S. 14:134 as follows:
 Malfeasance in office is committed when any public employee shall:
 (1) Intentionally refuse or fail to perform any duty lawfully required of him, as such office or employee; or
 (2) Intentionally perform any such duty in an unlawful manner; or
 (3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.
 Any duty lawfully required of a public officer or public employee when delegated by him to a public officer or public employee shall be deemed to be a lawful duty of such public officer or employee. The delegation of such unlawful duty shall not relieve the public officer or employee of his lawful duty. *Page 3 
 Whoever commits the crime of malfeasance in office shall be imprisoned for not more than five years with or without hard labor or shall be fined not more than five thousand dollars or both.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
Mayor Virgil Penn
P.O. Box 278
Bonita, La 71223
71 — Municipalities
77 — Officers
R.S. 24:518
R.S. 42:2
The mayor must place a new name for nomination before the aldermen, but the incumbent will remain in the position until replaced.
Dear Mayor Penn:
This office is in receipt of your request for an opinion of the Attorney General in regard to the filling of the position of town auditor and chief of police for the Village of Bonita.
You relate that you proposed at the regular meeting on June 1 that the Village keep the CPA used the prior year as auditor, Mrs. Harper, but two of the three aldermen went on record that they were not pleased with her. One of these aldermen said the State Office told her the Village had until July 15th to fill the position, but you understood from the letter you received from the office of the Legislative Auditor that you needed an auditor in place by the first of July.
You also point out that you recommended that Debbie Hall, who had been filling in as interim police chief since April, be hired as Chief of Police
This was not acted upon although one alderman made motions in both instances to hire the auditor you recommended that had been used the prior year, and that Ms. Hall be retained as Police Chief, but there was no motion to second the recommendations.
You called a special meeting on June 9 but the two aldermen opposed to the nominations did not come. Then at the special meeting called on June 14 the budget was approved, but there was no action taken on the hiring of an auditor or chief of police.
After contacting the Legislative Auditor's office by letter on June 23 for assistance he responded in a letter dated July 6, 2004 wherein he stated that the Village's audit report for the year ending June 30, 2004 was required to be completed and submitted to his office by December 31, 2004.
He further pointed out that this office has consistently opined that the Mayor of a Lawrason Act municipality shall appoint the auditor subject to confirmation by the Board *Page 2 
of Aldermen; and he is similarly authorized to appoint the police chief subject to confirmation by the aldermen.
Noting that R.S. 24:518 provides for penalties for any office of an auditee that is in noncompliance with the state audit law, he stated it was "imperative that the Village of Bonita engage an auditor immediately, in order to ensure that the June 30, 2004 report will be submitted to my off ice by the statutory due date."
He then recommended if the mayor and the majority of the aldermen could not agree upon an auditor and chief of police, the Village should obtain an opinion of this office on how the issue should be resolved.
In Atty. Gen. Ops. 95-19 and 91-28 this office recognized that the mayor is authorized to appoint a city attorney subject to the approval of the board of aldermen. In the latter opinion this office stated, "Thus, the mayor must place a name before the board of aldermen, and if the board should refuse to confirm the mayor's appointment, the mayor must tender a new appointment until both he and the board of aldermen can concur. The incumbent will remain in office until this is accomplished."
This is consistent with the provisions of R.S. 42:2 which provide, "Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office."
Accordingly, we would follow the directive of this statute as recognized in the cited opinions of this office, and therefore recommend that you tender new names for the positions involved and seek the approval of the board of aldermen to that nominee.
We hope this sufficiently states the manner required to resolve the conflict
Very truly yours,
 CHARLES C. FOTI, JR.
 ATTORNEY GENERAL
 By: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General
Mr. Marshall R. Pearce
Attorney at Law
P.O. Box 1154
Minden, Louisiana 71055
Dear Mr. Pearce:
You requested an opinion from this office concerning the hiring of municipal employees. Specifically, you asked whether the Board of Aldermen can hire municipal employees without the consent or recommendation of the Mayor or does the appointment first have to be made by the Mayor and confirmed by the Board.
LSA-R.S. 33:386 provides, in pertinent part, as follows:
 At the first regular meeting of the board of aldermen succeeding each regular municipal election, the mayor, subject to confirmation by the board of aldermen, shall appoint a clerk, tax collector, and all other necessary officers whose election is not provided for in R.S. 33:381. In the event of a vacancy, the mayor, subject to confirmation by the board of aldermen, shall appoint a successor to any such office.
In accordance with the portion of the statute quoted above and as was stated in Opinion Number 83-629, the mayor, subject to confirmation by the board of aldermen, is given the authority to appoint all necessary non-elected municipal officers. *Page 2 
You also asked how a position is filled if the Board of Aldermen refuses to confirm any of the appointments made by the mayor.
It has been the opinion of this office that in the event the board does not confirm an appointment of the mayor, the mayor shall appoint another candidate for confirmation by the board of aldermen. Thus, it is the opinion of this office that if an individual appointed to a municipal position by the mayor is not confirmed by the board of aldermen, then the mayor should appoint another candidate to the position for confirmation by the board. This process should continue until a candidate appointed by the mayor is confirmed by the board.
It is hoped that this opinion has been of some assistance to you. If we may be of any further assistance, please feel free to contact us.
Sincerely,
 WILLIAM J. GUSTE, JR.
 ATTORNEY GENERAL
 BY __________________________
 CASSANDRA A. SIMMS
 ASSISTANT ATTORNEY GENERAL
The Honorable Robert Ott
Mayor-Elect
Village of Delta, Louisiana
c/o P.O. Box 60
Delta, Louisiana 71233
77 — OFFICERS-Local Municipal: Selection. Qualification Tenure: Vacancies.
L.S.A.-R.S. 33:381.1
R.S. 33:386(A)
R.S. 42:2
Town Marshal of Village of Delta is appointed by Mayor but must be confirmed by Board of Aldermen. Present Marshal continues to serve until appointment and confirmation are finalized.
Dear Mayor-Elect Ott:
You have requested an opinion as to whether, upon assuming the office of mayor of the Village of Delta in January, 1989, you may replace the incumbent Town Marshal by appointment of a successor. You further inquire whether the office would remain vacant should the Board of Aldermen of Delta refuse to approve or confirm your appointment of a new individual to the office of Town Marshal.
The Village of Delta is a municipality organized under the Lawrason Act, L.S.A.-R.S. 33:321 et seq. Although that Act provides generally for an elected Town Marshal or Chief of Police, R.S. 33:381, it was amended in 1970 to provide for a special election in which a majority of municipal electors voting could authorize the appointment of the Marshal by the Mayor subject to the approval of the Board of Aldermen. R.S.33:381.1. On January 15, 1983, a special election was held according to law in which a majority of electors voting authorized the mayoral appointment of the Town Marshal pursuant to the provisions of R.S.33:381.1.
You are authorized to appoint a new Town Marshal, or to reappoint the incumbent as you see fit, at the first regular meeting of the Board of Aldermen in the new term of office. R.S. 33:386(A). This appointment is subject to confirmation by the Board of Aldermen. Removal of an appointed Marshal or Chief of Police during your term of office is equally subject to approval of the Board of Aldermen. R.S. 33:404.
Should the Board of Aldermen refuse to confirm your appointment, you must tender a new appointment. Until both the Mayor and Board of Aldermen concur in the selection of the new *Page 2 
Town Marshal by the prescribed appointment and confirmation procedure, the incumbent Town Marshal in office at the beginning of your term of office will continue to exercise the powers and duties of that office. R.S. 42:2 provides:
 "All public officers, whether appointed or elected, shall hold their offices and discharge the duties thereof until their successors are elected or appointed, as the case may be, and duly qualified."
R.S. 42:1 includes the Town Marshal within its definition of public officer.
 In conclusion:
 1. You may appoint a new Marshal;
 2. Your appointment must be confirmed by the Board of Aldermen:
 3. Until both (1) and (2) are complete the current Marshal will continue to serve in that public office.
Trusting this to be of sufficient information, I am
Sincerely,
WILLIAM J. GUSTE, JR.
Attorney General
BY: CHARLES J. YEAGER
Assistant Attorney General
Ms. Evelyn Baughman
Mr. John Dorris
Ms. Mary Goudon
Board of Aldermen
Village of Port Vincent
18235 La. Hwy. 16
Port Vincent, LA 70726
77 — Officers — Local Municipal; Selection, Qualifications, Tenure; Vacancies
R.S. 33:381C(1)
R.S. 42:2
A previously elected Chief of Police whose term is expired in accordance with R.S. 33:381C(1), must continue to discharge the duties of Chief of Police until his successor is inducted into office.
Dear Aldermen:
This office is in receipt of your opinion request in which you ask the status of a previously elected Chief of Police whose term has expired in accordance with R.S. 33:381C(1)(a), which states that:
 C. (1)(a) Notwithstanding any other provisions of law to the contrary, the chiefs of police of the city of Oakdale, the town of St. Joseph, the village of Port Vincent, and the town of Waterproof shall not be elected at large but shall be appointed by the mayor and the boards of aldermen of said cities and towns.
You state that no such appointment has been made to fill this position.
R.S. 42:2 states:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
In accordance with this statute, the Chief of Police whose term has expired, must continue to discharge the duties of chief of police until an appointment is made to fill the Chief of Police position. This follows Attorney General Opinion 95-107, which stated that "members of a local governing authority continue to serve and be paid until the successors are inducted into office, despite the end of the term."
We hope the foregoing sufficiently addresses your concerns. If our office may be of further assistance, please contact us.
Yours very truly,
 RICHARD P. IEYOUB
 ATTORNEY GENERAL
 By: __________________________
 J. RICHARD WILLIAMS
 Assistant Attorney General
Rep. J. Dirk Deville
House of Representatives
District 38
P.O. Box 297
Ville Platte, LA 70586
The parish governing authority must create an ambulance district upon the petition of 25% of the registered voters of the parish. Members of the local governing authority continue to serve and be paid until the successors are inducted into office, despite the term has ended.
90 — Police Juries — Powers Functions
R.S. 33:9053-9052.1
R.S. 42:2
Dear Representative Deville:
We are in receipt of your request for an opinion of the Attorney General on two matters on behalf of one of your constituents. You ask the following questions:
 1. Can a police jury call for a referendum on whether or not to allow an ambulance service to incorporate itself within the Parish; and
 2. Can members of a local governing authority continue to receive a salary even though the elected term of their office has expired but the office has not been up for re-election because of continued problems with reapportionment and redrawing of districts.
In answer to your first question we attach R.S. 33:9053 and 33:9053.1 for your information. You will note that therein it is provided the governing authority upon its own initiative is authorized and empowered to form and create one or more ambulance service districts within the parish. However, it is further provided upon failure or refusal of a parish governing authority to create an ambulance district, upon presentation of a petition signed by not less than twenty-five percent of the registered voters of the parish, the governing authority "shall call an election to determine if an ambulance district should be created", and if a majority of the vote cast is in favor of such creation the "parish governing authority shall create such a district".
R.S. 33:9052.1 is relative to the creation of a single parishwide ambulance service district and allows the parish governing authority to establish, with approval of a majority of the electors of the single parishwide ambulance service district in an election called for such purpose, user fees to be assessed persons owning *Page 2 
residential or commercials structures. The resolution assessing the user fees shall be adopted by the governing authority only after the question of amount to be assessed has been submitted to and approved by a majority of the electors of the single parishwide ambulance service district.
Your second question would be controlled by the provisions of Art. XIV, Sec. 15, La.Const. 1974, and R.S. 42:2 which mandates a person holding a public office shall continue to exercise his powers and duties until his successor takes office. Although the term has ended, the successors have not been elected during reapportionment negotiations, and it would follow the present members would continue the performance of the duties and receive the salary for those duties until the successors are inducted into office.
We hope this information sufficiently answers your questions, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours
 RICHARD P. IEYOUB
 Attorney General
 By: __________________________
 BARBARA B. RUTLEDGE
 Assistant Attorney General